*440 OPINION of the Court, by
Judge Logan.
— Dela-ny having sold M’Coun a certain tract of land, and purchased another at the same time of Peter Casey, M’Coun thereupon executed to Casey his bonds lor the purchase money, payable at different periods.
Casey assigned those bonds, upon some of which actions have been instituted and judgments obtained ; to enjoin which M’Coun exhibited his bill, alleging fraud in the contract, making Delany, Casey, and the assignees parties to the suit, and praying an injunction, which was granted, on condition that he should execute his bond with security ; but having failed to £⅛ *441 so, on the hearing of the cause, the circuit court, act* ing on the supposition that the judgment stood enjoined, decreed the injunction to be dissolved and the bill dismissed with costs and ten .per cent, damages on the judgments at law, except as to Deiany and Casey, and as-to them took time, &c. To that decree M’Coun prosecutes this writ of error, and assigns the following errors:
Vv here there are leve tal parties the court may decree as to one, and re-» tain the caufe as to others»
Where an injunction was ordered upon % condition, which was not complied with, the injunction was not effectual to delay the parry9 and it was erroneous to decree damages as upon a Qiiiolution or an. injunction.»
1st. That the court erred in decreeing against the complainant in favor of some of the defendants, and re* taining the cause as to Deiany, the principal in the contract, when fraud and failure of consideration constitute the equity of his demand, the other defendants being assignees, holding under that contract, and subject to all its equity.
2dly. That the court erred in notdecreeing a rescisión of the contract, or an abatement of the price in proportion to the diminution of the quantity of the land purchased.
3dly. That the court erred in decreeing ten per cení. damages upon the judgments at law.
In relation to the first assignment of error, it seems sufficient to obs&rve, that Casey does not stand as the assignee of Deiany, but as the obligee of those bonds. He could have no recourse on Deiany on account of the insolvency of M’Coun.
The consideration given by Casey for those bonds is not questioned. It was given to Deiany, but to the credit, and at the instance of M’Coun. If he has directed it, from mistaken considerations between Deiany and himself, it remains to be settled between them ; and Casey ought not to be liable, unless he shall have participated in imposing a fraud on M’Coun.
loss to Casey of the consideration he gave, being under the agreement of M’Coun, was in law a consideration to him.
This case is distinguishable from the case of a subsequent modification of a contract between the obligor and assignee, before a discovery of an alleged fraud, and which did not evidently place the assignee on worse ground than he before stood on. In the one case the assignee is induced to enter into the contract from a reliance on the justness of his demand through the assign- or, who stands responsible to him. A change of the *442 contract by the assignee, after the assignment of a bond^ sufcject to a prior equity of the obligor, may form do ground to claim relief from that equity, because no apparent injury may result therefrom.
But in the present case, the main inducement and moving consideration is founded on the obligor’s own personal undertaking to Casey, for a consideration which lie recognizes, and which accrues to his benefit. So that this case is dissimilar from the case decided by this court between Pile and Shannon, assignee, &c. Hard. Rep. 53.
Whether Casey was concerned in, or apprized of a fraud or misrepresentation of Delany in making the contract, is not proven in this cause, and we have therefore argued on the supposition that he was not.
But the defendants who have obtained judgments as assignees of Casey, rely on the promises made to them by M’Coun after the assignment to them, in consideration that they would indulge him, which they aver to have done. What effect those agreements, if proved, might have had in the cause,is not necessary to decide j inasmuch as the decree of the circuit court, for the reasons before mentioned, was correct in dissolving the injunction.
What has been said supersedes the nece ssity of further observations upon the second error assigned.
On the 3d assignment of error the decree of the circuit court must be reversed as to the ten per cent, damages. No injunction having issued, it was erroneous to decree damages consequent on the dissolution of the injunction.
Decree reversed, as to the damages, with costs in this court.